UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANDRE GOODMAN,

        Plaintiff,        Case No. 1:10-cv-784

v.        Honorable Robert J. Jonker

MICHAEL CURLEY et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Tillman and LaNore. The Court will serve the complaint against Defendant Curley.

**Discussion**

I.        Factual allegations

Plaintiff presently is incarcerated at SCI Greene in Waynesburg Pennsylvania, but the event giving rise to his complaint occurred while he was incarcerated in the Muskegon Correctional Facility (MCF). In his *pro se* complaint, Plaintiff sues the following MCF employees: Warden Michael Curley, Sergeant (unknown) Tillman and Physician Assistant Thomas LaNore.

Plaintiff claims that Defendant LaNore changed his medication on March 4, 2010. More than two weeks later, on March 22, 2010, Plaintiff went to the medical department because he was experiencing heart palpitations and was having difficulty breathing. The nurse scheduled Plaintiff to see the doctor the following day and sent Plaintiff back to his housing unit. Plaintiff saw Defendant LaNore on March 23, 2010. LaNore told Plaintiff that there was nothing he could do because Plaintiff no longer was experiencing symptoms. On March 29, 2010, Plaintiff awoke to find that his face and neck were severely swollen. Plaintiff was sent immediately to the medical department, where Dr. Haynes ordered the discontinuation of the medication prescribed by LaNore because Plaintiff was having an allergic reaction. Dr. Haynes also ordered Benadryl to reduce the swelling.

Plaintiff asked a corrections officer if they could take a photo of his face and neck to document the swelling. After the photo was taken at the control center, Plaintiff asked for a copy. Defendant Tillman told Plaintiff that the photo was a court document, but that he could write a request to the medical department for a copy. The following day, however, Tillman told Plaintiff that the photo had been deleted and that Tillman had forgotten to send it to the medical department because a fight had broken out. Plaintiff filed grievances against Defendants LaNore and Tillman.

On May 25, 2010, Plaintiff was informed that he was being transferred back to Pennsylvania. Plaintiff claims that a few weeks before the transfer he spoke to Defendant Curley about his medical problem and Curley responded "that anyone who put [sic] grievance on his medical staff was going back to Pennsylvania because Pennsylvania was there to enjoy the privileges that the jail give[s] the inmates, not to sue his medical staff." (Compl., Page ID#5.) Plaintiff claims that he was returned to a supermax facility in Pennsylvania and placed in the administrative segregation unit.

Plaintiff claims that Defendant LaNore was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. He further contends that Defendant Tillman violated his Fourteenth Amendment due process rights and interfered with his right of access to the courts when he deleted the photo of Plaintiff's swollen face and neck. In addition, Plaintiff claims that Defendant Curley transferred him to a supermax facility in Pennsylvania in retaliation for filing grievances. Plaintiff also claims that his transfer violated his Fourteenth Amendment due process rights.

Plaintiff seeks declaratory relief and monetary damages.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant LaNore failed to provide him with adequate medical treatment in violation of the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison

official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

Even if Plaintiff could satisfy the objective component, he cannot show that Defendant LaNore was deliberately indifferent to his serious medical needs. LaNore prescribed the medication to Plaintiff on March 4. More than two weeks passed before Plaintiff reported having heart palpitations and breathing problems. Those symptoms had completely abated by the following day when Plaintiff saw Defendant LaNore. Plaintiff did not experience any further problems for another six days until the swelling occurred in his face and neck. In light of these facts, LaNore could not have known that a serious risk of harm existed. At most, LaNore was negligent for failing to realize that Plaintiff was having an allergic reaction to the medication. The Supreme Court repeatedly has held that a complaint that a medical provider has been negligent in diagnosing or treating a medical condition does not rise to the level of an Eighth Amendment violation. *Farmer*,

511 U.S. at 835. *Estelle*, 429 U.S. at 105-06. Plaintiff, therefore, fails to state an Eighth Amendment claim against Defendant LaNore.

Plaintiff contends that Defendant Tillman violated his right of access to the courts - a right derived from both the Due Process Clause and the First Amendment - when he deleted the photo of Plaintiff's swollen face and neck. *See Spurlock v. Thompson*, 330 F.3d 791, 801 n.3 (6th Cir. 2004); *see also Lane v. Tennessee*, 315 F.3d 680, 682 (6th Cir. 2003) ("Among the rights protected by the Due Process Clause of the Fourteenth Amendment is the right of access to the courts"). It appears that Plaintiff intended to use the photo as evidence in this civil rights action. In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Defendant Tillman's alleged conduct did not prevent Plaintiff from filing this civil rights action. Moreover, the photograph would not change anything regarding the merits of Plaintiff's deliberate indifference claim: for purposes of the Court's review, the Court assumes the swelling occurred just as Plaintiff says it did, and as the photo would have confirmed. Plaintiff cannot show that he suffered actual injury to his deliberate indifference claim, and so he fails to state an access-to-the-courts claim against Defendant Tillman.

At this stage of the proceedings, the Court finds that Plaintiff states a retaliation claim against Defendant Curley, and, thus, will order service of the complaint against him.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Tillman and LaNore will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Curley.

An Order consistent with this Opinion will be entered.


Dated:     September 22, 2010            /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE